**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Gregory Gathers, Appellant.

Appellate Case No. 2011-203951

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-462
Submitted November 1, 2013 – Filed December 18, 2013

**AFFIRMED**

Appellate Defender Benjamin John Tripp, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Gregory Gathers appeals his conviction of murder, arguing the trial court erred in admitting autopsy pictures of the victim because the State obtained the same evidence through the pathologist's testimony and his use of diagrams. Gathers contends exhibits ten through fifteen were not necessary to establish material facts and the danger of undue prejudice outweighed the probative value.

The trial court did not abuse its discretion in admitting exhibits ten through twelve. *See State v. Collins*, 398 S.C. 197, 202, 727 S.E.2d 751, 754 (Ct. App. 2012) ("The admission of evidence is within the [trial] court's discretion and will not be reversed on appeal absent an abuse of that discretion."). These exhibits were pictures of the victim's face showing cuts on her eyelids. During trial, Gathers repeatedly asserted he did not cut the victim. He stated the victim reached for a knife, and he hit her while he was grabbing the knife from her, causing her to fall and hit her head. Exhibits ten through twelve were probative to whether Gathers intentionally cut the victim's eyelids, which was probative to malice. *See id.* ("Probative means tending to prove or disprove." (internal quotation marks and citation omitted)); S.C. Code Ann. § 16-3-10 (2003) ("'Murder' is the killing of any person with malice aforethought, either express or implied."). Although exhibits ten through twelve were prejudicial, they were less prejudicial than pictures excluded by the trial court because they were taken after the pathologist cleaned most of the blood from the victim's face. Accordingly, the probative value of exhibits ten through twelve was not substantially outweighed by the danger of unfair prejudice. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *Collins*, 398 S.C. at 207, 727 S.E.2d at 757 ("All evidence is meant to be prejudicial; it is only *unfair* prejudice [that] must be [scrutinized under Rule 403]."); *id.* ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence [that] tends to suggest decision on an improper basis.").

Additionally, the trial court did not abuse its discretion in admitting exhibits thirteen through fifteen. Exhibit thirteen was a picture of scrapes on the victim's knees, and exhibits fourteen and fifteen were pictures of cuts on the victim's hands. These pictures also were probative to malice. Exhibits thirteen through fifteen were taken after the pathologist removed most of the blood from the victim's body. Further, because they are pictures of specific injuries, they are not as emotionally jarring as exhibits ten through twelve. These pictures do not "have an undue tendency to suggest a decision on an improper basis"; thus, the danger of unfair

prejudice caused by exhibits thirteen through fifteen is minimal. *See id.* ("Photographs pose a danger of unfair prejudice when they have an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." (internal quotation marks and citation omitted)). Accordingly, the probative value of exhibits thirteen through fifteen was not substantially outweighed by the danger of unfair prejudice.

Because the trial court did not abuse its discretion in admitting exhibits ten through fifteen, Gathers's conviction is affirmed.

**AFFIRMED.**[1]

**HUFF, GEATHERS,**[2] **and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Judge Geathers has no relation to Appellant.